IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

FILED

NOV 1 0 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Alexandria Division

Jacori Andre Carter,                    )
    Plaintiff,                       )
                                        )
v.                                      )          1:11cv979 (LMB/IDD)
                                        )
D. Farmer, et al.,                      )
    Defendants.                      )

## MEMORANDUM OPINION

Jacori Andre Carter, a Virginia inmate proceeding pro se, filed a civil rights action,

pursuant to 42 U.S.C. § 1983, alleging violations of several of his constitutional rights.  Plaintiff

has also submitted an application to proceed in forma pauperis in this action, which will be

granted.

Liberally construed, plaintiff's complaint sets out the following claims:  (1) excessive

force, (2) deliberate indifference to plaintiff's serious medical needs, (3) denial of plaintiff's

right to due process in the institutional grievance procedure, (4) violation of due process for

confiscating and retention of plaintiff's property following a search of his cell, and (5) verbal

abuse.  Plaintiff names thirteen defendants in connection with these claims.  As relief, plaintiff

requests an institutional transfer and monetary damages.  For the reasons that follow, plaintiff's

claim of excessive force will continue, and the remainder of plaintiff's claims must be dismissed

for failure to state a claim.

## I.      Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that

is frivolous, malicious, or fails to state a claim upon which relief can be granted.  28 U.S.C.

§ 1915A(b)(1).  Whether a complaint states a claim upon which relief can be granted is

determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."

Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998); Hishon v. King & Spalding, 467 U.S.

69, 73 (1984).  To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570  (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Id.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual

allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550

U.S. at 55.  Moreover, a court "is not bound to accept as true a legal conclusion couched as a

factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

## II.   Analysis

A.  Claim 1:  Excessive Force

In his first claim, plaintiff alleges defendants D. Farmer and Johnny Hall "slammed"

plaintiff's head into a wall, grabbed a "fist full" of plaintiff's hair and started "kneeing" plaintiff

in the right side of the face "three or four times" when plaintiff refused to relinquish stamps

plaintiff "had while on the recreation yard."  Plaintiff alleges that defendant Hall "slung"

plaintiff into his cell and away from the "pod camera and any witnesses." Plaintiff states that

defendant Sergeant Gilbert then entered the cell with a "hand-held recording camera" and told

plaintiff to "stop resisting."  Plaintiff allegedly remained up against a wall while Hall and Farmer

pulled plaintiff's "arms up in the air."  Sergeant Gilbert allegedly began to question plaintiff

about the incident and then notified Lieutenant Flemmings, who allegedly told plaintiff to give

2

up his stamps or plaintiff would be placed in ambulatory restraints.  When plaintiff refused to relinquish his stamps, Flemming allegedly applied a "pressure point" to get plaintiff to release the stamps.

To state an Eighth Amendment claim that defendants used excessive force, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also, Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The extent of injury suffered by the inmate is relevant to the Eighth Amendment inquiry, both because it may suggest whether the use of force plausibly could have been thought necessary in a particular situation, Whitley, 475 U.S. at 321, and because it may provide some indication of the amount of force applied. Wilkins v. Gaddy, __ U.S. __, 130 S.Ct. 1175, 1178 (2010) (rejecting the notion that an excessive force claim involving only *de minimis* injury is subject to automatic dismissal). The Eighth Amendment generally excludes from constitutional recognition *de minimis* uses of physical force, Hudson, 503 U.S. at 9, and an inmate who complains of a "push or shove" that causes no discernible injury "almost certainly" fails to state a valid excessive force claim. Id., quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973).  Nonetheless, "[i]njury and force ... are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 130 S.Ct. at 1178-79. In this case, taking plaintiff's assertions in the complaint as true, he has satisfied the criteria for stating an Eighth Amendment claim of excessive force and this claim will continue against defendants D. Farmer, Johnny Hall, and Sergeant Gilbert.

B.  Claim 2: Deliberate Indifference to Plaintiff's Serious Medical Needs:

Plaintiff also appears to allege a claim of deliberate indifference to his serious medical needs.

Plaintiff alleges that after defendants Famer and Hall "slung" him in his cell, but before

Lieutenant Fleming applied a pressure point, Nurse Tate examined plaintiff's head, but "never

checked [plaintiff's] vital signs."  Plaintiff alleges he informed Nurse Tate that he felt "tightness"

in his right temple and was having problems breathing and needed his inhaler.  According to

plaintiff, Nurse Tate "just walks out."  After being released from his ambulatory restraints, Nurse

P. Adams allegedly examined plaintiff and instructed him to clean his wrists and ankles with

soap because the restraints had cut into plaintiff's skin.

It is well settled that prisoners are entitled to reasonable medical care and can sue prison

officials under the Eighth Amendment if such care is inadequate.  Estelle v. Gamble, 429 U.S.

97, 104-05 (1976).  However, in order to establish that inadequate medical treatment rises to the

level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful

to evidence deliberate indifference to serious medical needs."  Id. at 105; see also Staples v.

Virginia Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995).  Thus, plaintiff must allege two

distinct elements to state a claim upon which relief can be granted.  First, he must demonstrate a

sufficiently serious medical need.  See, e.g., Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978)

(concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious).

Second, he must show deliberate indifference to that serious medical need.  For this second,

subjective prong, an assertion of mere negligence or malpractice is not enough to constitute an

Eighth Amendment violation.  Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328

4

(1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). "Deliberate indifference may be

demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. However,

the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent,

inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

Id. (citations omitted). A prisoner's disagreement with medical personnel over the course of his

treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir.

1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761

F. Supp. 409, 414 (E.D. Va. 1990).

   In this case, it is apparent plaintiff has failed to state an actionable claim of deliberate

indifference. First, it does not appear that plaintiff's allegations of tightness in his temple,

trouble breathing, and scratches on his wrists and ankles, are sufficiently serious, either alone or

in concert, to support a claim of constitutional dimension. Cf. Cooper v. Dyke, 814 F.2d 941,

945 (4th Cir. 1987). Moreover, even assuming that plaintiff has alleged sufficiently serious

medical needs, he has not alleged facts sufficient to show that the actions of any named

defendant were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or

to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851. Therefore, plaintiff's claim

of deliberate indifference to his serious medical needs must be dismissed for failure to state a

claim, pursuant to 28 U.S.C. § 1915A(b)(1). Accordingly, defendant Nurse Tate, the defendant

named in connection with this claim will also be dismissed from this action for failure to state a

claim, pursuant to § 1915A(b)(1).

C. Claim 3:  Denial of Due Process in Institutional Grievance Procedure

Plaintiff's complaint also discusses numerous issues he experienced with the institutional

grievance procedure.  Plaintiff alleges that the defendants either failed to answer his grievances

or provided inadequate answers.  Additionally, on August 25, 2010, defendant T.S. Ray limited

the amount of grievances plaintiff could file each week because plaintiff had a history of

"excessive filings and habitual misuse."

It is well-established that inmates do not have a constitutionally protected right to a grievance

procedure and no liability exists under § 1983 for a prison administrator's response to a

grievance or appeal.  See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Brown v. Va. Dep't

Corr., No. 6:07-CV-00033, 2009 WL 87459, at *13. (W.D. Va. Jan. 9, 2009).  Thus, plaintiff's

claims concerning the grievance procedure must be dismissed pursuant to 28 U.S.C.  §

1915A(b)(1) for failure to state a claim.  Additionally, the defendants named in connection with

this claim, Tony Adams, J. Lambert, R. Mullins, and T.S. Ray, must also be dismissed from this

action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

D. Claim 4:  Due Process Violation for Confiscation and Retention of Property Following a
Cell Search:

Plaintiff also alleges that defendants Ramey, Mullins, and Powers "searched inventoried, and

destroyed a lot of my personal property."  Plaintiff states that numerous pictures of his daughter

and family, magazines, legal materials, self-written black history and poetry, personal letters,

black author books, and his Quran were destroyed or misplaced during a search of his cell.

Plaintiff alleges that the prison "has not said, done, or compensated" him for the destruction of

his personal property.

Construing the complaint liberally, it appears plaintiff intends to assert that his right to due process was violated by the defendants' confiscation and retention of his property. However, this claim is foreclosed by the rule of Parratt v. Taylor, 451 U.S. 527 (1981). The Fourteenth Amendment provides that, "no state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend XVI § 1. Thus, to violate procedural due process, defendant's actions must implicate plaintiff's interest in "life, liberty, or property." Hewitt v. Helms, 459 U.S. 460, 466 (1983). Where a deprivation of property results from an established state procedure, due process requires the state to provide a pre-deprivation hearing. See Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). However, in certain circumstances, the availability of meaningful post-deprivation procedures satisfies the requirements of due process, such as where it is impractical to provide a meaningful hearing prior to an alleged deprivation. Parratt, 451 U.S. at 538 (due process satisfied by post-deprivation remedies when a deprivation is caused by the random, unauthorized acts of a state employee). The rule in Parratt applies with equal force to negligent as well as intentional deprivations by state employees. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a "shakedown").

Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act, Va. Code Ann. § 8.01-195.3, Virginia has waived sovereign immunity for damages for "negligent of wrongful" acts of state employees acting within the scope of employment. The Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985). Because

7

plaintiff has not alleged that he has been denied post-deprivation procedures to redress the loss of

his property, he has not stated a constitutional claim.  Whether plaintiff alleges that he was

deprived of his property negligently or intentionally, the availability of post-deprivation

procedures is sufficient to satisfy the requirements of due process.  Furthermore, because the

availability of a tort action in state court fully satisfies the requirement of meaningful post-

deprivation process, plaintiff cannot state a claim for the loss of his property under the

Fourteenth Amendment.  Therefore, this claim must be dismissed for failure to state a claim

pursuant to 28 U.S.C. § 1915A(b)(1).  Further, the defendants named in connection with this

claim, Ray, Ramey, and Mullins must also be dismissed pursuant to §1915A(b)(1).

   E.  Claim 5:  Verbal Abuse:

   Plaintiff also alleges that during the search of his cell defendant Ramey made racist

statements and comments.  Verbal abuse of inmates by prison officials, without more, does not

rise to the level of an Eighth Amendment violation.  See Collins v. Cundy, 603 F.2d 825, 827

(10th Cir. 1979), cited favorably in,  Moody v. Grove, No. 89-6650, 1989 WL 107004, at *1 (4th

Cir. Sept. 19, 1989).  While a verbal threat combined with action apparently designed to carry

out that threat may state an Eighth Amendment claim, see Hudspeth v. Figgins, 584 F.2d 1345,

1348 (4th Cir. 1978),  plaintiff has not connected any comments or actions by defendants with

any physical harm.  There is no suggestion in the complaint that defendant Ramey took any

action designed to carry out any kind of threat.  Therefore, plaintiff's claim of verbal assault

must be dismissed from this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a

claim.  Likewise, defendant Ramey must be dismissed as a named defendant in connection with

this claim pursuant to 28 U.S.C. § 1915A(b)(1).

F.   Named Defendants A.Bowens, L. Yates, and Rolette

Plaintiff also names Nurse A. Bowens, Nurse L. Yates, and Assistant Warden Rolette in the heading of his complaint.  However, the body of the complaint contains no allegations regarding these defendants.  Therefore, defendants A. Bowens, L. Yates, and Rolette will be dismissed from this action pursuant to 28 U.S.C. §1915A(b)(1).

## IV. In Forma Pauperis

Plaintiff has also submitted an application to proceed in forma pauperis and has consented to pay an initial filing fee and to make subsequent payments, pursuant to 28 U.S.C. § 1915(b), until he has paid the full $350.00 filing fee.  Plaintiff's institution supplied information on plaintiff's inmate account reflecting that, for the past six months, plaintiff had an average monthly deposit of $0 to his inmate account, had an average monthly balance of $0, and a balance of $0 at the time of inquiry. Therefore, the initial filing fee, which generally is twenty percent (20%) of the greater of the average monthly deposits or balance for the last six months preceding filing of this complaint, will be waived.  See 28 U.S.C. § 1915(b)(1).  Going forward, plaintiff will be required monthly to remit to the Clerk twenty percent (20%) of any income into the plaintiff's inmate account, if that income causes his inmate account balance to exceed $10.00.  28 U.S.C. § 1915(b)(2).  This obligation will continue until the full filing fee has been paid, even after the case is resolved or dismissed, if necessary.

### III.   Conclusion

For the foregoing reasons, plaintiff's claim of excessive force will continue, and the remainder of plaintiff's claims must be dismissed for failure to state a claim.  An appropriate Order shall issue.

Entered this ___10___ day of ___November___ 2011.

/s/

Leonie M. Brinkema
**United States District Judge**

Alexandria, Virginia

10